Coleman v. Riggs et al.

---

## COLEMAN v. RIGGS ET AL.

1. **Surety on Stay Bond:** MOTION FOR JUDGMENT BY: BANKRUPTCY OF SURETY: STATUTE OF LIMITATIONS. Where H. became surety on a stay bond to stay execution on a judgment against R. & S., and H. was afterward adjudged a bankrupt, and, after this, real estate of H's, the title of which had passed to his assignee, was sold to satisfy the judgment against R. & S., and the assignee regarded as worthless and never took any account of his claim against R. & S. on account of the payment of the judgment out of the property of the bankrupt, and the bankrupt estate was settled and the bankrupt discharged, and, as to the claim against R. & S., the statute of limitations (U. S. Rev. St., § 5057) had barred any action by the assignee, *held* that the right to maintain an action against R. & S. on this demand became revested in H., and that judgment was properly rendered thereon in his favor, upon a motion therefor under § 2906 of the Code.

2. ———: ———: ———: ———. The right of the surety in such case to make such motion is not affected by § 5057 of the U. S. Rev. St. The limitation therein prescribed applies only to assignees in bankruptcy.

3. ———: ———: MEASURE OF DAMAGES. Where a surety on a stay bond, whose property has been sold in satisfaction of the judgment, moves for judgment against his principal, under § 2906 of the Code, the measure of his damages is the amount of the judgment paid by the sale of his property, and not the value of the property sold.

*Appeal from Appanoose Circuit Court.*

FRIDAY, SEPTEMBER 21.

THE defendant, James S. Hamilton, pursuant to section 2906 of the Code, moved the court for judgment against T. D. Riggs and N. M. Shepherd, for the sum of $377.59, with 6 per cent interest from October 20, 1877, stating for cause of such motion that on the ninth day of August, 1871, the plaintiff obtained judgment against the defendants, T. D. Riggs and N. M. Shepherd, for the sum of $221.64, and costs, and that the defendant, James S. Hamilton, became the surety of Riggs and Shepherd on a bond given to stay said judgment, and that he, on the twentieth day of October, 1877, was compelled to and did pay said judgment, amounting to the sum of $377.59, and that there is now due him the amount so paid and interest.

The defendants, Riggs and Shepherd, answered, alleging that in August, 1877, James S. Hamilton was adjudged a bankrupt, and that all his property, both real and personal, was conveyed to W. H. Kirkham as assignee in bankruptcy, and that on the twentieth day of October, 1877, the real estate of Hamilton, conveyed to said assignee, was sold on execution issued on the judgment of *Coleman v. Riggs and Shepherd*, and that, at the time of said sale, Hamilton had no interest in said real estate.

The defendant filed a reply, admitting that he paid said judgment in the manner stated in the answer, and alleging that on the fourteenth day of March, 1879, Kirkham, the assignee, who had a right to the judgment sought to be obtained by the motion, sold the claim in question at auction, and it was purchased by said James S. Hamilton, and in writing assigned to him.

After the evidence was introduced, for the purpose of conforming the pleadings to the evidence, James S. Hamilton filed an amended reply, alleging that the assignee elected not

to take the property in question into his possession, because it was a burden and not a benefit to the estate, and that, long prior to the filing of this motion, the estate had been finally settled and the bankrupt had been discharged. The court rendered judgment in favor of Hamilton for $496.50.

The defendants, T. D. Riggs and N. M. Shepherd, appeal.

*Tannehill & Fee*, for appellants.

*Vermillion & Vermillion* and *Miller & Goddard*, for appellee.

DAY, CH. J.—I. The appellants insist that Hamilton cannot recover because, at the time the judgment in question

1. SURETY on stay bond: motion for judgment by: bankruptcy of surety: statute of limitations.

was satisfied by the sale of real estate, the real estate was vested in Kirkham as the assignee of Hamilton, and that whatever right accrued for judgment against Riggs and Shepherd, accrued, not to Hamilton, but to his assignee in bankruptcy. It must be conceded that the right to recover on account of this payment accrued primarily to the assignee, and not to Hamilton. The allegation made by Hamilton in the reply, that the assignee sold and assigned to him the claim for judgment against Riggs and Shepherd, on account of the payment of the judgment against them, is not sustained by the evidence.

The evidence does show, however, that the assignee closed up the affairs of the estate, and made a final distribution of the assets, and that he made a report of this claim in his final report, but did not list it at the sale, and made no disposition of it, and did not consider it as any part of the resources, because he regarded it as worthless.

It appears, then, that the assignee knew of the existence of this claim, and neglected to enforce it, or make any disposition of it, because he considered it of no value. In this respect, the case differs from *Buckingham v. Buckingham*, 36 Ohio St., 68, in which the evidence failed to show that the assignee elected not to take the property in question. Nor

is it necessary for us to determine whether the property in question is of such character that the assignee could elect not to take it, under the doctrine of *Berry v. Gillis*, 17 N. H., 9, and *Glenny v. Langdon*, 98 U. S., 20.

The fact appears that the assignee did omit to make any disposition of this property. If the creditors regarded the property as of any value to them, they might have applied to the bankruptcy court for an order to compel him to appropriate and dispose of the property. This was not done. The estate has been settled, and the assets have been distributed. The right of the assignee to maintain an action was barred by section 5057 of the United States Revised Statutes at the time this motion was made. Under the facts of the case, the right to maintain an action upon this claim, we think, has become revested in Hamilton. Although the evidence does not show a formal discharge of the assignee, it does show a settlement of the estate and a discharge of the bankrupt. See *Dewey v. Mayer*, 9 Hun., 473. It is clear from the evidence that the property of Hamilton has paid the debt of defendants, Riggs and Shepherd, and they have never reimbursed him or his estate. They are not now liable to an action by the assignee. If they can escape payment to Hamilton, they avoid the payment of a just demand. Their position is inequitable, and it ought not to be allowed to prevail, unless well established principles of law stand in the way of any recovery against them. We think, inasmuch as the claim has been abandoned by the assignee, and the debtor has obtained his discharge, that he may now enforce this claim. The case differs from *Berry v. Gillis*, 17 N. H., 9, in that it does not appear in that case that the estate of the bankrupt had been settled.

II. It is insisted that this action is barred under the provisions of section 5057 of the United States Revised Statutes. That section applies to actions by the assignee. The section does not affect the rights of the bankrupt. *Buckingham v. Buckingham*, 36 Ohio St., 68.

Coleman v. Riggs et al.

III.   It is claimed that the value of the property of Ham-

**3. ——:——:** ilton, and not the amount realized upon it, is the
measure of
damages.      measure of damages sustained by Hamilton.   But
Hamilton has paid the defendant's debt, and he is entitled to
recover the amount he paid thereon.   The judgment is

AFFIRMED.